**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER J. TOWNSEND, on behalf of himself and all others similarly situated,

Plaintiff,

v.  Case No. 3:14-cv-1301-J-39PDB

QUANTUM3 GROUP, LLC,

Defendant.
_______________________________/

**ORDER**

This is a Crawford[1]-progeny putative class action in which Plaintiff alleges that Defendant is liable under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") for its conduct in Plaintiff's Chapter 13 bankruptcy proceeding. Through this action, Plaintiff admittedly seeks to expand the Eleventh Circuit's decision in Crawford, which held that filing a proof of claim in a bankruptcy proceeding constitutes an attempt to collect a debt for purposes of the FDCPA, to require that debt collectors comply with all aspects of the FDCPA when filing a proof of claim in a bankruptcy proceeding, under any circumstance.

The case is now before the Court on Defendant, Quantum3 Group, LLC's ("Quantum") Motion to Dismiss Plaintiff's Class Action Complaint. See (Motion to Dismiss, Doc. 9). Plaintiff has responded in opposition, see (Response, Doc. 12), and —

---

[1] Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1256 (11th Cir. 2014), cert. denied, 135 S. Ct. 1844 (2015).

while the Court has denied Defendant's request to file additional memoranda, see (Endorsed Order, Doc. 19) — the Court has considered the supplemental authorities cited by Defendant, see (Motion for Leave to File Supplemental Authority, Doc. 18). As such, the matter is ripe for adjudication.

## I. FACTUAL BACKGROUND[2]

The facts of this case are strikingly simple. On March 14, 2014, Plaintiff filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. (Class Action Complaint, Doc. 1 ¶ 4). On May 8, 2014, Defendant filed two proofs of claim on behalf of MOMA Funding, LLC. (Id. ¶¶ 5-6). Proof of claim #4 claimed that Plaintiff owed $2,234.53 for a Paypal account. (Id. ¶ 5); (Proof of Claim #4, Doc. 1-2). Proof of claim #5 claimed that Plaintiff owed $985.42 for a Walmart account. (Class Action Complaint, Doc. 1 ¶ 6); (Proof of Claim #5, Doc. 1-3). Proof of claim #4 and proof of claim #5 were the first attempts to collect the debts by Defendant. (Class Action Complaint, Doc. 1 ¶ 9). Both proofs of claim lacked statutory debt validation notices, required by 15 U.S.C. § 1692g, and Defendant failed to provide Plaintiff with same within five (5) days of filing the proofs of claim. (Id. ¶ 10). Additionally, the proofs of claim did not include the "mini-Miranda" warnings required by 15 U.S.C. § 1692e(11), namely that the Defendant was attempting to collect a debt and that any information obtained would be used for that purpose. (Id.

[2] Defendant's Motion to Dismiss admits the facts of Plaintiff's Class Action Complaint for purposes of resolving the instant Motion. Ward v. Hudnell, 366 F.2d 247, 249 (5th Cir. 1966) ("It is axiomatic that a motion to dismiss an action for failure to state a claim upon which relief can be granted admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.").

¶¶ 21, 29(b)). The Defendant is not licensed as a Florida consumer collection agency by the Florida Department of Financial Regulation. (Id. ¶¶ 12, 29(c)).

Plaintiff commenced this putative class action on October 23, 2014, contending that Defendant's conduct violates the FDCPA in the following ways. First, Plaintiff claims that Defendant failed to send Plaintiff the required statutory debt validation notices, pursuant to 15 U.S.C. § 1692g(a). (Id. ¶ 29(a)). Second, Plaintiff claims that Defendant failed to provide him with "mini-Miranda" warnings in its initial communication, pursuant to 15 U.S.C. § 1692e(11). (Id. ¶ 29(b)). Third, Plaintiff claims that Defendant violated 15 U.S.C. § 1692f(1), which proscribes "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," by failing to register with the Florida Department of Financial Regulation as a Florida consumer collection agency. (Id. ¶ 29(c)). Fourth, Plaintiff claims that Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt when Defendant has no legal ability to collect in the State of Florida. (Id. ¶ 29(d)). Defendant responded with the instant Motion to Dismiss.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not required, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In considering a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the

Complaint must be accepted as true and construed in the light most favorable to the Plaintiff. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

## III. DISCUSSION

Finding "abundant evidence" of "abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the FDCPA in 1977 to curb such practices. 15 U.S.C. § 1692(a). The FDCPA regulates the conduct of debt collectors, which it defines as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Among other things, it forbids various types of "false, deceptive, or misleading" representations or means to collect a debt, 15 U.S.C. § 1692e, as well as those that are "unfair or unconscionable," 15 U.S.C. § 1692f, and it arms consumer debtors with a private right of action against any debt collector who fails to comply with its provisions. Debt collectors may be found liable for actual damages, statutory damages up to $1,000, and reasonable attorneys' fees and costs. 15 U.S.C. § 1692k(a)(1)-(3).

On July 10, 2014, the United States Court of Appeals for the Eleventh Circuit considered "whether a proof of claim to collect a stale debt in Chapter 13 bankruptcy violates the [FDCPA]" and answered the question in the affirmative. Crawford, 758 F.3d at 1256-57. The plaintiff in the case owed approximately $2,000 in consumer debt that had become unenforceable under Alabama law in October of 2004. Id. at 1257. In February of 2008, the plaintiff filed for Chapter 13 bankruptcy in the Middle District of Alabama and, during the proceedings, the defendant filed a proof of claim to collect the debt, notwithstanding the expiration of the state limitations period some four years earlier. Id. In response, the plaintiff filed a counterclaim against the defendant via an adversary

proceeding in the bankruptcy court. Id. The bankruptcy court dismissed the claim and the district court affirmed. Id. On appeal, the Eleventh Circuit vacated the dismissal. After the defendant acknowledged that its conduct would likely subject it to FDCPA liability had it filed a lawsuit to collect the time-barred debt, the Eleventh Circuit stated that "[t]he same is true in the bankruptcy context." Id. at 1259-60. According to the Eleventh Circuit, "[s]imilar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt." Id. at 1261. "The 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim . . . [and,] [g]iven the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan." Id. For these reasons, the Eleventh Circuit held that, "under the 'least-sophisticated consumer standard,'" the defendant's "filing of a time-barred proof of claim against [the plaintiff] in bankruptcy was 'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of § 1692e and § 1692f." Id. In doing so, the Eleventh Circuit expressly stated that the filing of a proof of claim in the bankruptcy court constitutes collection activity aimed at the debtor. Id. ("[W]e conclude that LVNV's filing of a proof of claim fell well within the ambit of a 'representation' or 'means' used in 'connection with the collection of any debt.' It was an effort 'to obtain payment' of Crawford's debt 'by legal proceeding.'").

Though the claims here are not based on a stale debt, it is upon this backdrop that Plaintiff's claims arise. As Plaintiff states, "[t]he premise of the suit . . . is simple: If the 11th Circuit has applied the provisions of the FDCPA to the filing of Proofs of Claims in

Chapter 13 cases, then it has applied the entire FDCPA statutory provisions." (Response, Doc. 12 at 6). Generally speaking, Plaintiff contends that Defendant violated the FDCPA in two main ways: (1) Defendant failed to provide Plaintiff with the debt validation notices and "mini-Miranda" warnings required for "initial communications" under the FDCPA, and (2) Defendant failed to register as a "consumer collection agency." See generally (Class Action Complaint, Doc. 1 ¶ 29). Defendant argues that "Crawford did not deal with the conduct asserted here" and that Plaintiff's claims fail as a matter of law for a variety of reasons. See (Motion, Doc. 9 at 3).

**A. Plaintiff's "Notice Claims."**

Plaintiff alleges two violations of the FDCPA which the Court refers to as the "Notice Claims." First, under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The following is a violation of that section:

> The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added). "This warning is sometimes referred to as the 'mini-Miranda.'" Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008). Importantly, as its terms state, the provision does not apply to a "formal pleading made in connection with legal action." 15 U.S.C. § 1692e(11); see also Miljkovic v. Shafritz & Dinkin, P.A., No. 14-13715, 2015 WL 3956570, at *5 (11th Cir. June 30, 2015) (referring to 15 U.S.C. § 1692e(11) and stating, "Congress expressly exempted

formal pleadings—and formal pleadings alone—from a 'sole, particularized requirement of the FDCPA.'" (citation omitted)).

Second, under 15 U.S.C. § 1692g(a), "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . ." the amount of the debt, the name of the creditor to whom the debt is owed, and a number of statements regarding debt validation. See 15 U.S.C. § 1692g(a)(1)-(5) (emphasis added). However, similar to 15 U.S.C. § 1692e(11), communications in the form of a "formal pleading in a civil action" are not deemed initial communications. 15 U.S.C. § 1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."); see also Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Associates, P.C., No. 1:14-CV-2211-AT, 2015 WL 4272275, at *16 (N.D. Ga. July 14, 2015) ("Likewise, a 2006 amendment to the FDCPA applicable to § 1692g(a) provides that '[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication.'" (alterations in original) (citing 15 U.S.C. § 1692g(d))). While it is true that filing a proof of claim is an attempt to collect a debt from the Plaintiff, see Crawford, 758 F.3d at 1261, the notice requirements under § 1692e(11) and § 1692g(a) apply only if there has been an initial communication. Thomas v. Stokes & Clinton, P.C., No. CIV.A. 13-01455-LSC, 2014 WL 3385305, at *4 (N.D. Ala. July 10, 2014). Under both sections, "formal pleadings" are excluded from the notice requirements. 15 U.S.C. §§ 1692e(11), 1692g(d).

Importantly, federal courts have indicated that proofs of claim qualify as "formal pleadings" for purposes of the FDCPA. In Reed v. LVNV Funding, LLC, the court denied the defendant's motion to dismiss Plaintiffs' class action complaint. No. 14 C 8371, 2015 WL 1510375, at *6 (N.D. Ill. Mar. 27, 2015). The plaintiffs in Reed alleged that the defendants filed stale proofs of claim in their bankruptcy proceedings — the same conduct that the Eleventh Circuit in Crawford held was actionable under the FDCPA. Id. at *1. The defendants argued that construing the FDCPA to prohibit the filing of time-barred claims in bankruptcy would create irreconcilable conflicts between the FDCPA and the Bankruptcy Code. Id. at *5. Defendants identified two allegedly irreconcilable conflicts between the FDCPA and the Bankruptcy Code, the first being that "a debt collector cannot comply with the FDCPA's notice requirements, 15 U.S.C. §§ 1692e(11), 1692g(a), and debt validation procedures, id. at § 1692g(b), while simultaneously obeying the Bankruptcy Code's injunction against debt collection activities." Id. In addressing this argument, the Northern District of Illinois stated as follows:

> [T]he FDCPA expressly provides that "[a] communication in the form of a formal pleading in a civil action" does not trigger the statute's notice and debt validation procedures. 15 U.S.C. § 1692g(d). Defendants have not explained why filing a proof of a claim in bankruptcy—i.e., "a formal pleading in a civil action"—nonetheless triggers the FDCPA's notice and debt validation procedures that allegedly conflict with the Bankruptcy Code's automatic stay provision. In other words, the asserted conflict between the FDCPA and the Bankruptcy Code is ultimately illusory.

Id. On similar facts, the Bankruptcy Court for the Northern District of Illinois directly addressed whether the filing of a proof of claim constitutes a formal pleading for purposes of the FDCPA. See In re Brimmage, 523 B.R. 134, 136 (Bankr. N.D. Ill. 2015). The court

held that a proof of claim constitutes a formal pleading, and, therefore, "Defendants need not worry about violating the FDCPA in this regard."

> As such, when the Defendants filed the proof of claim, it was a legal pleading filed either in a civil action or beginning one. The filing of a proof of claim is specifically exempt by § 1692g(d) of the FDCPA from the validation letter requirement, and the Defendants need not worry about violating the FDCPA in this regard.

Id. 141-42. This conclusion is not unique to the Northern District of Illinois. The United States Court of Appeals for the Third Circuit has also stated that proofs of claim constitute "formal pleadings" for purposes of the FDCPA. See Simon v. FIA Card Servs., N.A., 732 F.3d 259, 273 (3d Cir. 2013) (stating that "[a] debt collector could not satisfy the FDCPA by including the notice of rights in a proof of claim, because 'a communication in the form of a formal pleading' is not an 'initial communication' under the FDCPA."). So too has the United States Bankruptcy Appellate Panel of the Ninth Circuit. See In re McCarther-Morgan, No. ADV. 07-90654, 2009 WL 7810817, at *12 (B.A.P. 9th Cir. Jan. 27, 2009) ("A 'communication in the form of a formal pleading,' which would apparently include a proof of claim filed in a bankruptcy case, may not be treated as the initial communication for purposes of the FDCPA." (emphasis added)); see also In re Chaussee, 399 B.R. 225, 238 (B.A.P. 9th Cir. 2008) ("Moreover, under the FDCPA, a 'communication in the form of a formal pleading' shall not be treated as an initial communication. We question whether the filing of a proof of claim by a creditor constitutes an initial communication."). In fact, "[c]ourts routinely recognize that the filing of a proof of claim is analogous to the filing of a complaint and that, by doing so, a creditor submits itself to the jurisdiction of the court, at least with regard to the adjudication of its claim." In re Franchi, 451 B.R. 604, 607 (Bankr. S.D. Fla. 2011); see O'Neil v. Cont'l Airlines, Inc. (In re Cont'l Airlines), 928

F.2d 127, 129 (5th Cir. 1991) ("[T]he filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer."); In re F.C.M. Corp., No. 87-0946-CIV-DAVIS, 1987 WL 364456, at *2 (S.D. Fla. Sept. 22, 1987) ("Indeed, the filing of a claim itself, from a purely procedural standpoint in the dispute with the trustee, has been said to be tantamount to the filing of a complaint in a civil action."); see also Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir. 1962) ("The filing by Nortex of its proof of claim is analogous to the commencement of an action within the bankruptcy proceeding."); In re Brosio, 505 B.R. 903, 912 (B.A.P. 9th Cir. 2014) ("The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case."); In re Cerrato, 504 B.R. 23, 38 (Bankr. E.D.N.Y. 2014) ("The filing of a proof of claim is equivalent to the filing of a complaint in a civil action, and an objection to a claim is analogous to an answer.").

Congress has evidenced its intent that a proof of claim be treated as the equivalent of a complaint by referring to actions brought by the estate against a person filing a proof of claim as "counterclaims." 28 U.S.C. § 157(b)(2)(C) (stating that core proceedings include "counterclaims by the estate against persons filing claims against the estate."). Indeed, Black's Law Dictionary — which the Eleventh Circuit recently cited for the definition of "pleading" as that term appears in § 1692e(11), Miljkovic, 2015 WL 3956570, at *5 n.5 — defines "pleading" as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses," such as "the plaintiff's complaint and the defendant's answer." Black's Law Dictionary 1339 (10th ed. 2014). Without question, Defendant's proofs of claim "set[] forth . . . claims," and are "pleadings." Id.

Defendant argues that, because Townsend has not alleged that an initial communication occurred and because pleadings filed in legal actions are exempt from the mini-Miranda requirement, Plaintiff has not adequately pled the elements necessary for a § 1692e(11) or § 1692g violation. (Motion to Dismiss, Doc. 9 at 15). Plaintiff only addresses this argument in passing, stating that "[i]n Crawford, the 11th Circuit specifically found that the filing of a 'stale debt' Proof of Claim would violate the FDCPA. This ruling necessarily excludes a Proof of Claim as a pleading in a civil action which would be excluded from the FDCPA." (Response, Doc. 12 at 10).

The reasoning of Plaintiff's second sentence simply does not follow the first. The Eleventh Circuit in Crawford held that, under the "least-sophisticated consumer" analysis, the filing of a proof of claim on a stale debt may violate § 1692e and § 1692f. 758 F.3d at 1259 ("[W]e must examine whether LVNV's conduct-filing and trying to enforce in court a claim known to be time-barred-would be unfair, unconscionable, deceiving, or misleading towards the least-sophisticated consumer."). 15 U.S.C. § 1692e states as follows: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute then gives a nonexhaustive list of conduct that violates the section, including 15 U.S.C. § 1692e(11) — the subsection under which Plaintiff sues. Importantly, § 1692e(11) states that it "shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11). The fact that the Crawford court determined that filing a proof of claim on a stale debt may be a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of § 1692e's general prohibition, does not by implication mean that a proof of claim does not count as "a formal pleading

made in connection with a legal action" for purposes of § 1692e(11). The reason is simple: there is no exclusion for "formal pleadings" applicable to § 1692e's general prohibition, which the Crawford court stated directly:

> LVNV acknowledges, as it must, that its conduct would likely subject it to FDCPA liability had it filed a lawsuit to collect this time-barred debt in state court. Federal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f.

758 F.3d at 1259 (citations omitted). Crawford simply did not address whether a proof of claim constitutes a "formal pleading made in connection with a legal action," § 1692e(11), because it did not have to — § 1692e(11) was not at issue in the case and the exclusion did not apply to the general prohibitions of § 1692e and § 1692f. 758 F.3d at 1261 ("For all of these reasons, under the 'least-sophisticated consumer standard' in our binding precedent, LVNV's filing of a time-barred proof of claim against Crawford in bankruptcy was 'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of § 1692e and § 1692f."); see Miljkovic, 2015 WL 3956570, at *5 (stating that, aside from § 1692e(11), "Congress did not otherwise constrain the Act's general applicability to lawyers using litigation to collect debts."). The same is true for § 1692g(a), and its exclusion of "formal pleading[s] in a civil action," under § 1692g(d).[3] It was not discussed in, nor is it affected by, the holding of Crawford.

[3] Crawford also relied on § 1692f. The layout of § 1692f is similar to that of § 1692e. The section generally states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," § 1692f, and then provides a nonexhaustive list of conduct that violates the section. As with § 1692e, Crawford's reliance on § 1692f did not define "formal pleading[s] in a civil action," for purposes of § 1692e(11) or § 1692g(d) — which are completely separate sections of the statute. As with the general prohibition of § 1692e, "formal pleadings in legal actions" are not excluded from the general prohibition of § 1692f. Crawford, 758 F.3d at 1259. The

Accordingly, the Court agrees with Defendant as well as the decisions cited above, and concludes that Defendant's proofs of claim were formal pleadings in a civil action for purposes of the FDCPA.[4] As such, the proofs of claim were specifically excluded from the requirements of § 1692e(11), and shall not be treated as an "initial communication" for purposes of § 1692g(a). Because no actionable "initial communication" has occurred, and Plaintiff has failed to allege any other communication with the Defendant, Plaintiff's Notice Claims under § 1692e(11) and 1692g(a) are due to be dismissed.

**B. Plaintiff's "Failure-to-Register Claims."**

Plaintiff also claims that Defendant violated the FDCPA because Defendant failed to register as a Florida consumer collection agency, as required by § 559.555, Florida Statutes. (Class Action Complaint, Doc. 1 ¶¶ 12, 26, 29). The Florida Consumer Collection Practices Act ("FCCPA") requires those who engage in business as a consumer collection agency to register to do so. Section 559.553, Florida Statutes, provides "[a] person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid

---

Crawford court simply did not address whether a proof of claim constitutes a "formal pleading" for purposes of the FDCPA.

[4] Plaintiff's Class Action Complaint alleges that "[t]he plain language of the FDCPA makes clear that the filing of the Proof of Claim is not a 'formal pleading in a civil action;'" "the Proof of Claim #4 and Proof of Claim #5 were the first attempts to collect the debt by Defendant and the initial communication to the Plaintiff in connection with the attempted collection of the debt;" as well as "[t]he filing of the Proof of Claim in the Chapter 13 case of Plaintiff requires compliance with" § 1692e(11) and § 1692g. See (Class Action Complaint, Doc. 1 ¶¶ 7, 9, 11). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

registration." Fla. Stat. § 559.553(1). Section 559.555, Florida Statutes, similarly states that "[a] person who acts as a consumer collection agency must be registered in accordance with this section." Fla. Stat. § 559.555(1). A violation of the FCCPA for failure to register may support a federal cause of action under the FDCPA if the conduct violates a provision of the FDCPA. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 (11th Cir. 2010).

Plaintiff claims that Defendant's failure to register as a Florida consumer collection agency renders it liable for violations of the FDCPA. Specifically, Plaintiff claims that Defendant's violations "include, but are not limited to,"[5] 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f(1). First, as previously discussed, § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Second, section 1692e(5) prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Third, section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Fourth, section 1692f(1) proscribes "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

As a threshold matter, Plaintiff's claim under § 1692e(5) fails because Plaintiff has failed to plead any "threat," regardless of whether it could be legally taken. As previously

[5] (Class Action Complaint, Doc. 1 ¶ 29). The Court declines to address any conceivable violations of the FDCPA that Plaintiff has not pleaded in his Class Action Complaint.

stated, section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5) (emphasis added); Ferguson v. Credit Mgmt. Control, Inc., 140 F. Supp. 2d 1293, 1299 (M.D. Fla. 2001) ("Section 1692e(5) proscribes threats to take action that cannot legally be taken."). With regard to claims brought under § 1692e(5), the framework of analysis is two-fold. LeBlanc, 601 F.3d at 1193. First, the Court considers whether the language of the communication constitutes a threat for purposes of § 1692e(5). Id. If so, the Court considers whether the action threatened could legally be taken. Id. Indeed, section 1692e(5) is a special section of the FDCPA "aimed at preventing empty threats of litigation as a means of scaring the debtor into payment." Jenkins v. Union Corp., 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). "Distinct from the other types of prohibited conduct contained in § 1692e, threats in and of themselves are harmful conduct because they cause consumers to fear that debt collection efforts may be in the offing." Thompson v. CACH, LLC, No. 14 CV 0313, 2014 WL 5420137, at *4 (N.D. Ill. Oct. 24, 2014).

With this in mind, courts have rejected plaintiffs' attempts to shoehorn into § 1692e(5) a claim where a debt collector actually acts to collect a debt, but never actually makes an explicit or implicit threat to do so. McCorriston v. L.W.T., Inc., No. 8:07-CV-160-T-27EAJ, 2008 WL 3243865, at *6 (M.D. Fla. Aug. 7, 2008) ("The only activity undertaken by Defendants within the statute of limitations in this case was the filing of the state court lawsuit. This Court previously held that the filing of the state court lawsuit does not constitute a 'threat' within the meaning of § 1692e(5)." (citations omitted)); see Thompson, 2014 WL 5420137, at *4 ("Defendants did not threaten legal action when they filed the wage deduction summons; they actually took it. Defendants' filing of the

summons, standing alone, does not constitute a threat pursuant to § 1692e(5)."); Cox v. Hilco Receivables, L.L.C., 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010) ("Section 1692e(5) applies only to threatened action, not to actions already undertaken."); Clark v. Pollard, No. IP 99-1414-C HG, 2000 WL 1902183, at *3 (S.D. Ind. Dec. 28, 2000) ("By its plain language, subsection (5) applies to threats of action, not to actions actually taken."). Nevertheless, other courts have held that "[s]ection 1692e(5) protects consumers against debt collectors that actually complete illegal acts as well as against debt collectors who merely threaten to complete those acts." Bradshaw v. Hilco Receivables, LLC, 765 F. Supp. 2d 719, 730 (D. Md. 2011); accord Poirier v. Alco Collections, Inc., 107 F.3d 347, 349 (5th Cir. 1997) ("Alco and Allen threatened to take, and actually took, action they were not legally permitted to take."); Marchant v. U.S. Collections W., Inc., 12 F. Supp. 2d 1001, 1006 (D. Ariz. 1998) ("The defendants assert that they made no threat; they simply took action. I think that such argument elevates form over substance. To argue that a collection agency can avoid the strictures of the FDCPA simply by acting where it has no legal authority, as opposed to threatening to act where it has no legal authority, would defy the very purposes of the section . . . ." (emphasis in original)). According to these latter courts, "[i]t would be illogical to read the FDCPA to condemn the mere threat to file a lawsuit that could not be legally instituted, but actually permit the filing of illegal lawsuits." Balthazor v. Sec. Credit Servs., LLC, No. 11-60867-CIV, 2012 WL 171097, at *5 (S.D. Fla. Jan. 20, 2012).

The Court passes no judgment on the wisdom of the statute, but instead heeds the Eleventh Circuit's warning that the "[i]nterpretation of a statute begins 'with the language of the statute itself[]' . . . if the language of the statute is plain, then [the Court's]

interpretative function ceases" and the Court should enforce the statute according to its terms. In re Griffith, 206 F.3d 1389, 1393 (11th Cir. 2000). By the statute's plain terms, it applies only to "threats." Dial v. Midland Funding, LLC, No. 2:14-CV-663-WMA, 2015 WL 751690, at *4 (N.D. Ala. Feb. 23, 2015) (rejecting the magistrate judge's report and recommendation that section 1692e(5) includes conduct actually undertaken, looking to the plain meaning of the statute to conclude that it prohibits only threats, and stating "Dial does not allege that Midland threatened her with illegal or unintended action, but only that it took illegal action. Therefore, she cannot state a claim under § 1692e(5)."). The Court has no leeway to re-write the statute to include things other than "threats."

Here, Plaintiff has not alleged that Defendant made anything that could constitute a "threat," which is what the statute prohibits. He pleaded that Defendant filed two proofs of claim in his Chapter 13 bankruptcy case. (Class Action Complaint, Doc. 1 ¶¶ 5-6). As the Eleventh Circuit in Crawford made clear, the filing of the proofs of claim constitute collection activity, not the threat to engage in collection activity. 758 F.3d at 1261 ("[W]e conclude that LVNV's filing of a proof of claim fell well within the ambit of a 'representation' or 'means' used in 'connection with the collection of any debt.' It was an effort 'to obtain payment' of Crawford's debt 'by legal proceeding.'"). Filing a proof of claim does not constitute a threat to file a proof of claim. Plaintiff's § 1692e(5) claim must be dismissed.

Plaintiff's claim under § 1692f(1) similarly stumbles out of the gate. In full, § 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis added). "The focus of the statutory provision . . . is on the amount of the debt to be

collected, rather than the collector's authorization to collect any debt, whatever its amount." Gaetano v. Payco of Wisconsin, Inc., 774 F. Supp. 1404, 1415-16 (D. Conn. 1990) (rejecting Plaintiff's contention that Defendant's failure to register as a debt collector under Connecticut law was relevant to a § 1692f(1) claim); see Kline v. Mortgage Elec. Sec. Sys., No. 3:08CV408, 2013 WL 753839, at *10 (S.D. Ohio Feb. 27, 2013) ("Section 1692f(1) focuses solely on whether the amount collected 'is expressly authorized by the agreement creating the debt or permitted by law . . . .'" (emphasis in original)). See generally West v. Costen, 558 F. Supp. 564, 582 (W.D. Va. 1983) ("Looking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law."). In fact, the Middle District of Florida has already held that § 1692f(1) focuses on the amount of the debt to be collected, not the debt collector's authorization, McCorriston v. L.W.T., Inc., No. 8:07-CV-160-T-27EAJ, 2008 WL 3243865, at *7 (M.D. Fla. Aug. 7, 2008) ("LWT's failure to register is not relevant to the application of [§ 1692f(1)], as the focus of this provision 'is on the amount of the debt to be collected, rather than the collector's authorization to collect any debt, whatever its amount.'" (citing Gaetano, 774 F. Supp. at 1415)), and the Eleventh Circuit has hinted at same, see LeBlanc, 601 F.3d at 1199-200 ("LeBlanc initially alleged that Unifund sought to collect an amount not 'expressly authorized by the agreement creating the debt or otherwise permitted by law.' 15 U.S.C. § 1692f(1). However, this theory was abandoned below as LeBlanc was unable to produce any evidence in support of his claim that the credit card debt (balance or interest rate) was incorrect." (internal citation omitted)). Here, Plaintiff has not alleged that Defendant attempted to collect any amount

that was not "authorized by the agreement creating the debt or permitted by law." Defendant's authorization to collect any debt from Plaintiff is simply not relevant to a § 1692f(1) claim — the focus of the section is on the amount of the debt. For this reason, Plaintiff's § 1692f(1) claim must be dismissed.

In any event, all of Plaintiff's claims — including those brought under §§ 1692e(5) and 1692f(1) — premised on Defendant's failure to register as a consumer collection agency before filing otherwise legitimate proofs of claim in Plaintiff's bankruptcy case are precluded by the Bankruptcy Code. Aside from those already discussed, Plaintiff's remaining claims are brought under section 1692e(10) and, more generally, section 1692e.[6] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subsection 1692e(10) similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff does not contend that the proofs of claim here are illegitimate or unenforceable. He simply contends that Defendant used "false representation[s] or deceptive means to collect or attempt to collect [a] debt or to obtain information concerning a consumer when such activity was not permitted by law as Defendant had no legal ability to collect in the State of Florida." (Class Action Complaint, Doc. 1, ¶ 29(d)). In other words, all of Defendant's alleged unlawful conduct under §§ 1692e, 1692e(5), 1692e(10), and 1692f(1) is premised on Defendant's

[6] Plaintiff does not specifically plead a violation of 15 U.S.C. § 1692f. See (Class Action Complaint, Doc. 1 ¶ 29) (pleading violations of 15 US.C. §§ 1692e, 1692e(5), 1692e(10), 1692e(11), 1692f(1), and 1692g(a)). Even if he did, the Court's reasoning would still apply.

failure to register as a consumer collection agency under Florida law, which — if actionable — would create irreconcilable conflict between the Bankruptcy Code and the FDCPA.

Initially, Plaintiff has failed to cite to a single case — and this Court's research has uncovered none — in which any court has ever held that the filing of an otherwise legitimate proof of claim by an out-of-state creditor, who fails to register as a debt collector under state law, constitutes a violation of the FDCPA. The two cases upon which Plaintiff principally relies — Crawford and LeBlanc — do not address the precise issue presented. In Crawford, the Eleventh Circuit held that the filing of a proof of claim on a stale debt, which had been rendered unenforceable under a state statute of limitations, can constitute a violation of the FDCPA. 758 F.3d at 1257. The Eleventh Circuit reasoned that the proof of claim was deceptive because "[a]bsent an objection from either the Chapter 13 debtor or the trustee, the time-barred claim is automatically allowed against the debtor." Id. at 1259. According to the Eleventh Circuit, "[t]he 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim . . . [and] [g]iven the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan." Id. at 1261. This is not a stale debt case. Crawford did not address whether a debt collector must comply with state law registration requirements before filing proofs of claim in bankruptcy proceedings. And the Crawford court expressly declined to consider whether the Bankruptcy Code "preempts" the FDCPA when creditors misbehave in bankruptcy. Id. at 1262 n.7. As applicable here, all Crawford held is that the filing of a proof of claim in the bankruptcy

court constitutes "collection activity" aimed at the debtor. Id. at 1261 ("[W]e conclude that LVNV's filing of a proof of claim fell well within the ambit of a 'representation' or 'means' used in 'connection with the collection of any debt.' It was an effort 'to obtain payment' of Crawford's debt 'by legal proceeding.'").

Similarly, LeBlanc did not address the specific conduct at issue here. In LeBlanc, the Eleventh Circuit "consider[ed] whether a federal cause of action pursuant to Section 1692e of the FDCPA for threatening to take an action that cannot legally be taken is cognizable when premised upon failure to register as a consumer collection agency as required by state law, namely, Section 559.553 of the FCCPA." 601 F.3d at 1189-90. There, the plaintiff stopped making payments towards a credit card account he had with Bank One. Id. at 1188. The defendant, an unregistered consumer collection agency who had acquired the debt, sent the plaintiff a letter informing him that the defendant had purchased the debt from Bank One. Id. The letter included the following warning:

> "If we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration. If suit is filed and if judgment is rendered against you, we will collect payment utilizing all methods legally available to us, subject to your rights below."

Id. The plaintiff initiated an action in federal court, contending that the letter violated the FDCPA. Id. at 1189. The district court granted the plaintiff partial summary judgment under two provisions of the FDCPA, specifically §§ 1692e(5) and 1692f. Id. The district court held that the defendant could not legally sue the plaintiff to collect the debt without first registering with Florida's Office of Financial Regulation, as required by Section 559.553 of the FCCPA. Id. Because the district court viewed the letter as a threat to take legal action, it held that the defendant violated the FDCPA by threatening to take action that could not legally be taken and for using unfair and unconscionable means to collect

a debt in violation of §§ 1692e(5) and 1692f. Id. The Eleventh Circuit considered "whether, under the FDCPA, [the defendant's] dunning letter constitutes a threat to take action which could not legally be taken—namely, to commence legal proceedings," id. at 1193, and held that such a determination was best left to a jury, id. at 1195. In the Eleventh Circuit's view, "reasonable jurors applying the 'least-sophisticated consumer' standard could disagree as to the inferences to be drawn from [the defendant's] letter to [plaintiff]." Id. at 1196. In addressing part two of the § 1692e(5) analysis, namely, whether the defendant threatened action which could not be legally taken, the Eleventh Circuit stated "[t]he FCCPA merely requires that [the defendant] register as a debt collector with the State of Florida before it may 'engage in collection activities.'" Id. at 1198. As such, the court determined that "requiring [the defendant] to register with the State of Florida before filing a lawsuit is a reasonable condition precedent to filing a claim." Id. LeBlanc did not address whether the failure to register under the FCCPA can constitute a violation of the FDCPA when the only conduct alleged involves the filing of an otherwise legitimate proof of claim in the plaintiff's bankruptcy case. The issue in the case was, instead, whether the defendant's letter was a threat to take action which could not legally be taken.

"[T]he pertinent question when two federal statutes address the same subject in different ways 'is whether one implicitly repeals the other.'" Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328, 1336 (M.D. Fla. 2010). "The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." Morton v. Mancari, 417 U.S. 535, 551 (1974). As such, the Court "must 'assiduously attempt' to construe two statutes in harmony before

concluding that one impliedly repeals the other." Ray v. Spirit Airlines, Inc., 767 F.3d 1220, 1225 (11th Cir. 2014) (citation omitted). Repeal by implication is not favored and will be found only when an intent to repeal is "clear and manifest." Rodriguez v. United States, 480 U.S. 522, 524 (1987). The Court may infer a clear and manifest intent from the existence of an "irreconcilable conflict." Id.; see Ray, 767 F.3d at 1225 ("We may infer clear and manifest intent from the existence of an 'irreconcilable conflict.'"); Bacelli, 729 F. Supp. 2d at 1336 ("An implied repeal may be found if there exists 'an irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other.'"). Statutes are in "irreconcilable conflict" when there is a "positive repugnancy between them or that they cannot mutually coexist." Radzanower v. Touche Ross & Co., 426 U.S. 148, 155 (1976).

In the instant case, there is an irreconcilable conflict between the Bankruptcy Code and claims brought under the FDCPA premised on a creditor's failure to register as a consumer collection agency under state law. True enough, LeBlanc held that "a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA." 601 F.3d at 1192. However, the court did not address the conflict that arises when the collection activity alleged is the Defendant's filing of a proof of claim in bankruptcy court, where the rules specifically permit every creditor — regardless of licensure — to file a proof of claim. Here, Plaintiff does not dispute that Defendant is a "creditor" within the meaning of the Bankruptcy Code, who has filed timely proofs of claim for legitimate unsecured debts incurred. (Class Action Complaint, Doc. 1 ¶¶ 5-6); (Proof of Claim #4, Doc. 1-2); (Proof of Claim #5, Doc. 1-3); see 11 U.S.C. § 101(5), (10). In pertinent part, a creditor is defined by the Bankruptcy Code as any "entity

that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor" 11 U.S.C. § 101(10), and any creditor is permitted under § 501 to file a proof of claim, 11 U.S.C. § 501, without reference to whether that creditor is registered under state law as a consumer collection agency. Indeed, when a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim. Torres v. Cavalry SPV I, LLC, 530 B.R. 268, 272 (E.D. Pa. 2015). In other words, every creditor with a valid enforceable debt has the right to file a proof of claim in a bankruptcy case, regardless of whether that creditor is licensed under state law. See Fed. R. Bank. P. 3001. Crawford, a stale-debt case which was concerned about the fairness to the "least-sophisticated consumer," did nothing to change that.

In a post-Crawford decision, the Middle District of Florida addressed a circumstance in which a debt collector sent a collection notice to, and filed a deficiency action against, a debtor who had recently filed for bankruptcy. Hernandez v. Dyck-O'Neal, Inc., No. 3:14-CV-1124-J-32JBT, 2015 WL 2094263, at *1 (M.D. Fla. May 5, 2015). The debtor instituted an action against the debt collector under the FCCPA and the FDCPA, and the debt collector moved to dismiss. Id. at *1. In pertinent part, the debt collector argued that the debtor's FCCPA claim must fail as a matter of law because the FCCPA claim is preempted by federal bankruptcy law. Id. at *3. In dicta, the court addressed the conflict that arises between the Bankruptcy Code and the FDCPA when FDCPA claims are brought against a creditor who exercises its right to file a valid proof of claim in a bankruptcy case.

> Hernandez argues that this case is distinguishable from Williams because the "collection activity in this case occurred outside the bankruptcy process." (Doc. 14 at 8.) The Court agrees. The filing of a proof of claim is a right within the

> Bankruptcy Code. See Fed. R. Bankr.P. 3001. To allow a debtor to file a FDCPA or FCCPA claim against a creditor who exercises its right to file a valid proof of claim "would chill creditor's rights in the bankruptcy process, as well as undermine the very mechanisms that are set forth by the Bankruptcy Code to deal with such issues." Pariseau v. Asset Acceptance, LLC (In re Pariseau), 395 B.R. 492, 496 n. 3 (Bankr.M.D.Fla.2008). However, these concerns are not present in circumstances where a debt collector has violated both the Bankruptcy Code and the FDCPA by collection activity occurring outside the bankruptcy process.

Id. at *4 (emphasis in original). Unlike in Hernandez, the facts of this case involve conduct that occurred solely within Plaintiff's bankruptcy proceeding. Defendant is alleged to have violated the FDCPA by filing a valid proof of claim without registering as a consumer collection agency under Florida law, a requirement conspicuously absent from the Bankruptcy Code. The Bankruptcy Code specifies comprehensive and detailed procedures for the filing and consideration of creditors' claims and disputes over claims, see 11 U.S.C. §§ 501-502; Fed. R. Bank. P. 3001, 3002, 3007, and the Bankruptcy Code allows any creditor, regardless of licensure, to file a claim "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," 11 U.S.C. § 101(5). The reasoning of the Code is simple:

> Bankruptcy law does not exist solely for debtors. It is also for the benefit of creditors; it gives them a single forum where debts and priorities can be determined in an orderly manner, a forum where those debts can be collected in whole or (more likely) in part.

MSR Exploration, Ltd. v. Meridian Oil, Inc., 74 F.3d 910, 916 (9th Cir. 1996). For this reason, the Bankruptcy Code does not contain a limitation on a creditor's right to file a proof of claim, aside from the fact that the creditor have the capacity to sue and be sued. See Fed. R. Bank. P. 7017 (incorporating Federal Rule of Civil Procedure 17); see In re

Fantastik, Inc., 49 B.R. 510, 512 (Bankr. D. Nev. 1985) ("It would be patently inequitable to deny a creditor access to the bankruptcy court to adjudicate a claim simply because that creditor could not bring that action in the courts of the state in which the bankruptcy court sits."); see also In re Flex Fin. Holding Co., 518 B.R. 891, 897-98 (Bankr. D. Kan. 2014) ("A claim holder has no ability to choose the court in which the claim will be asserted—it must be filed in the court in which the debtor's bankruptcy case is pending. Allowing a limited liability company claim holder that is not authorized to do business under the law of the state where that bankruptcy court is located to assert its claim there promotes the jurisdiction of the bankruptcy court to adjudicate all claims against the debtor's bankruptcy estate."). The Bankruptcy Code provides that all creditors, regardless of licensure, have the right to file a proof of claim. The FDCPA, on the other hand, has been interpreted as requiring that some creditors register as a consumer collection agency under state law as a condition precedent to filing a proof of claim. See LeBlanc, 601 F.3d at 1192. Those two requirements cannot live in the same place. One statutory scheme allows all proofs of claim; the other does not. The FDCPA seeks to engraft a requirement onto the Bankruptcy Code that Congress importantly omitted. In doing so, the FDCPA seeks to encroach on a creditor's absolute right to file a proof of claim without registering under a state licensing scheme.[7] As such, to the extent Plaintiff's

[7] The reasoning of Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004) is inapposite to the facts of the instant case because Randolph involved a circumstance in which the Defendant was required to simultaneously comply with two separate statutory schemes. In Randolph, the defendant sent the debtor two dunning letters after the debtor's Chapter 13 petition had been filed and her plan confirmed. Id. The conduct may have violated both, the FDCPA and the automatic stay. Id. The Seventh Circuit held that the statutes are not in irreconcilable conflict because "[i]t is easy to enforce both statutes, and any debt collector can comply with both simultaneously." Id. at 730. In Randolph, both statutes imposed obligations on a party. There, it made sense to frame the inquiry

claims are based on Defendant's failure to register as a consumer collection agency under state law prior to filing valid proofs of claim, there exists an irreconcilable conflict between the Bankruptcy Code and the FDCPA and they cannot mutually coexist. Any other conclusion "would chill creditor's rights in the bankruptcy process." Hernandez, 2015 WL 2094263, at *4 (citation omitted).

"Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one . . . ." Posadas v. Nat'l City Bank of New York, 296 U.S. 497, 503 (1936). The Bankruptcy Code is the later act here. Johnson, 528 B.R. at 470 ("The [FDCPA] has not been amended in any relevant respect since its 1977 enactment, while the Code dates from no earlier than 1978."). In sum, FDCPA claims premised on a creditor's failure to register as a consumer collection agency under state law prior to filing valid proofs of claim must give way.

Accordingly, after due consideration, it is

---

as whether the party can "comply" with both statutes because each statute required compliance, without losing rights.

More applicable here is the reasoning of Johnson v. Midland Funding, LLC, which involved obligations imposed by one statute — the FDCPA — and rights conferred by another — the Bankruptcy Code. 528 B.R. 462 (S.D. Ala. 2015). "[I]f the party can comply with its obligation under one statute only by failing to comply with its obligation under the other, the obligations are in irreconcilable conflict." Id. at 471.

> The ability to "comply" with both statutes, however, is not the proper test when, as here, the case does not concern a comparison of the obligations imposed by one statute with the obligations imposed by another but rather a comparison of the obligations imposed by one statute with the rights conferred by another.

Id. Here, the FDCPA clashes with a creditor's unqualified right to file a proof of claim without registering under a state licensing scheme. Defendant would have to surrender its rights under the Bankruptcy Code in order to comply with the FDCPA.

**ORDERED:**

1. Quantum's Motion to Dismiss Plaintiff's Class Action Complaint [Doc. 9] is **GRANTED**.
2. This case is **DISMISSED with prejudice**.[8]
3. The Clerk of the Court is **DIRECTED** to terminate any pending motions as moot and to close the file.

**DONE** and **ORDERED** in Jacksonville, Florida this 29th day of July, 2015.

BRIAN J. DAVIS
United States District Judge

mg
Copies furnished to:

Counsel of Record

[8] Plaintiff, who is represented by counsel, has not filed a motion for leave to amend his Class Action Complaint, and the Court is not required to grant Plaintiff leave sua sponte. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").